

**SO ORDERED.**

**SIGNED this 16th day of January, 2013.**

Janice Miller Karlin
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:
**Nancy Eloise Chance,**                                    **Case No. 11-40517**
                                                            **Chapter 7**

                  **Debtor.**

_____

**Robert L. Baer, Trustee,**

                  **Plaintiff,**                            **Case No. 12-7059**
**v.**                                                      **Adversary Proceeding**

**Persels & Associates LLC,**

                  **Defendant.**

_____

### Report and Recommendation on Defendant's
### Motion for Withdrawal of Reference

This matter is before the Court on the motion of Defendant Persels & Associates

LLC ("Persels") to withdraw the reference of this adversary proceeding and transfer

the case to the United States District Court for the District of Kansas.[1] Pursuant to District of Kansas Local Rule 83.8.6, the Court recommends that the reference of this case be withdrawn immediately.[2]

## Factual and Procedural Background

Robert L. Baer, the Chapter 7 Trustee (the "Trustee"), filed this adversary case on December 3, 2012. The Trustee's Complaint alleges that Debtor Nancy Eloise Chance engaged Persels, a Maryland company, to perform debt management services. Debtor paid approximately $2,096.55 to Persels over an approximate nine month period. The Trustee alleges that Persels violated the Kansas Credit Services Organization Act ("KCSOA")[3] by not complying with the KCSOA's registration and advertising requirements and that Persels committed deceptive and unconscionable acts that violated the Kansas Consumer Protection Act ("KCPA").[4] The Trustee also seeks a declaratory judgment that Persels violated both Acts and an injunction against further violations. The Trustee seeks to recover actual and punitive damages and penalties under both Acts, plus attorneys fees and costs.

---

[1] Doc. 11.

[2] Rule 83.8.6(f) provides that upon filing a motion to withdraw the reference and for transfer, the Bankruptcy Court will submit a written recommendation on the motion to the District Court.

[3] K.S.A. §§ 50-1116 to 50-1135.

[4] K.S.A. §§ 50-623 to 50-643.

Service of the complaint was by first-class mail on Persels on December 5, 2012. Counsel for Persels entered his appearance on December 31, 2012.[5] On the same date, Persels filed its demand for jury trial[6] and notice of lack of consent to a jury trial to be heard by the Bankruptcy Court.[7] On that same date, Persels also filed its motion to withdraw the reference and transfer this proceeding to the District Court immediately.[8] The Trustee has not responded to the motion to withdraw the reference, and the time to do so has expired.

## Analysis

Persels moves to withdraw the reference pursuant to 28 U.S.C. § 157(d). That statute provides that a "district court may withdraw, in whole or in part, any case or proceeding" under the Bankruptcy Code "on its own motion or on timely motion of any party, for cause shown." The Local Rules of the District of Kansas state that a motion to withdraw reference is timely when it is filed "within 20 days after movant has entered an appearance or been served with summons or notice."[9] Here, because the motion was filed the same day as Persels entered its appearance in the case, it was timely.

---

[5]  Doc. 7.

[6]  Doc. 8.

[7]  Doc. 9.

[8]  Doc. 11. Persels filed its  answer on January 10, 2103 (Doc. 15).

[9]  D. Kan. Rule 83.8.6(c).

-3-

Cause for withdrawal of the reference is not defined by § 157(d). Section 157(e) sheds some light by stating that a bankruptcy judge may conduct a jury trial only "with the express consent of all the parties."[10] Demand for jury trial has, therefore, been recognized as cause for withdrawal of reference.[11] Courts have also considered whether claims are core or non-core, because non-core claims require the entry of final judgment by a district court.[12] In addition, courts "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[13]

*Withdrawal of Reference*

There is a jury trial right on at least a portion of the Trustee's claims. The Seventh Amendment to the United States Constitution preserves the right to trial by jury in "suits at common law," meaning "suits in which legal rights were to be

---

[10] *See also* D. Kan. Rule 83.8.13(b) (bankruptcy court has jurisdiction to conduct a jury trial only if "the parties have jointly or separately filed a statement of consent to trial before a bankruptcy judge").

[11] *E.g.*, *Manley Truck Line, Inc. v. Mercantile Bank of Kan. City*, 106 B.R. 696 (D. Kan. 1989); see also cases collected at 1 *Collier on Bankruptcy* ¶ 3.04[1][b] n.4 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[12] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995).

[13] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also* 1 *Collier on Bankruptcy* ¶ 3.04[1][b] at 3-54 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("It has been stated that, in determining whether cause exists for withdrawing the reference, the court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial.").

ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered."[14] Federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court.[15]

The first and second counts of the Trustee's complaint include claims for actual damages and penalties for violations of the KCSOA. The KCSOA addresses the activities of non-attorney credit services organizations, defined to include persons who hold out themselves to the public as willing to engage in debt management services for a fee.[16] Count 1 alleges that Persels was required and failed to register under the KCSOA and that Persels violated the KCSOA by acting as a credit services organization without registering. Count 2 alleges that Persels violated the KCSOA by advertising and oral marketing without being properly registered. The Trustee alleges these violations of the KCSOA and the right to enforce private remedies, including the recovery of damages, attorney fees, and penalties. Because such remedies were available at common law,[17] a Seventh Amendment right to a jury trial applies to this claim.

---

[14] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

[15] *Simler v. Conner*, 372 U.S. 221, 221 (1963).

[16] K.S.A. § 50-1117(c) (defining "credit services organization" as "a person who engages in, or holds out to the public as willing to engage in, the business of debt management services for a fee, compensation or gain, or in the expectation of a fee, compensation or gain").

[17] *Granfinanciera, S.A.*, 492 U.S. at 47–48 (claims for money damages are typically legal rights entitled to jury trial).

The first and second counts also allege that Persels violated the KCPA by
engaging in deceptive and unconscionable acts and practices prohibited by that Act.
The Trustee seeks damages and statutory penalties for violations of the KCPA, and an
award of attorneys fees and costs.[18] Although the Kansas Legislature has expressly
provided in the KCPA that "[t]he unconscionability of an act or practice is a question
for the court,"[19] other aspects of the Trustee's claim, including whether Persels
committed deceptive practices[20] and the amount of damages, raise legal issues.[21] There
is a right to a jury trial under the Seventh Amendment when legal claims for the
recovery of money are asserted. In claims such as these with legal and equitable
portions rising from the same circumstances, "when an issue is common to both legal
and equitable claims in the same proceeding, it must be tried first to the jury."[22]

The Trustee's final count seeks a declaration that Persels violated the KCSOA
and KCPA and an injunction against future violations. The Trustee also seeks a
declaration that Persels' written agreements with the Debtor are void and
unenforceable because they violate Kansas statutes. Generally, requests for

---

[18] Attorneys fees are authorized under the KCPA by K.S.A. § 50-634(c).

[19] K.S.A. § 50-627(b).

[20] *See Waggener v. Seever Sys., Inc.*, 233 Kan. 517, 523, 664 P.2d 813, 819 (1983)
(holding that, under the Kansas Bill of Rights, which like the federal constitution preserves
the right to trial by jury as it existed at common law, a litigant has a constitutional right to
trial by jury as to deception).

[21] *Kampa v. White Consol. Indus., Inc.*, 115 F.3d 585, 586 (8th Cir. 1997) ("[F]ederal
law has consistently held that money damages are generally characterized as a legal
remedy.").

[22] 9 Wright & Miller at § 2302.1, p. 32.

-6-

declaratory and injunctive relief are equitable in nature, and therefore not jury trial claims.[23] Here, however, the claims arise from the same circumstances as the previously discussed KCSOA and KCPA claims, and again, "when an issue is common to both legal and equitable claims in the same proceeding, it must first be tried to the jury."[24]

Furthermore, the bankruptcy court may not conduct a jury trial without both parties' consent.[25] Persels has not consented to jury trial in this Court. Therefore, the Trustee's state law claims under the KCSOA and KCPA must be tried in the district court.[26]

In addition, although a bankruptcy court may enter final judgment on core matters, it cannot do so with respect to non-core matters, unless the parties consent. The Trustee's claims under the KCSOA and the KCPA are state law proceedings that are only tangentially related to the bankruptcy case. Under 28 U.S.C. § 157(c)(1), a

---

[23] *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 400 F. Supp. 2d 1273, 1275 (D. Kan. 2005) (noting that there is no jury trial right "for actions which involve only equitable rights or which traditionally arose in equity").

[24] *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005) ("Under well settled principles, when a plaintiff brings both legal and equitable claims in the same action, the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims), and the jury's findings on any common questions of fact must be applied when the court decides the equitable claims.")

[25] *Oliver v. CitiMortgage, Inc. (In re Oliver)*, Case No. 05-40504, Adv. No. 11-07038, 2011 WL 6097810, at *2 (Bankr. D. Kan. Dec. 6, 2011) (citing 28 U.S.C. § 157(e) and District of Kansas Local Rule 83.8.13(b)).

[26] D. Kan. Rule 83.8.13 (stating that a district judge must conduct jury trials in bankruptcy proceedings where "no statement of consent to jury trial before a bankruptcy judge has been filed").

bankruptcy judge may hear a proceeding that is not a core proceeding, but that is

otherwise related to a case under Title 11, but that bankruptcy judge must submit

proposed findings of fact and conclusions of law to the district court for entry of

judgment after *de novo* review.

Based on the above, this Court determines that the claims made in this case are

predominated by matters that require a *final* determination in the District Court.[27]

Therefore, this Court recommends that Defendant's motion for withdrawal of the

reference and transfer to the District Court be granted.

*Timing*

---

[27] Defendant also moves to withdraw the reference based on the June 2011 Supreme Court decision in *Stern v. Marshall (In re Marshall)*, 131 S. Ct. 2594 (2011). In *Stern,* the Supreme Court concluded that despite the statutory definition of core proceedings including "counterclaims by the estate against persons filing claims against the estate," a bankruptcy court lacks the "constitutional authority to enter a final judgment on a state law counterclaim [filed by the debtor for tortious interference in a nondischargeability adversary proceeding filed by a creditor] that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 2620. Constitutional authority to enter final judgment on such counterclaims is present if the "action at issue stems from the bankruptcy itself or would be necessarily be resolved in the claims allowance process." *Id.* at 2618.

The extent of a bankruptcy court's authority to enter final judgment after *Stern* has not been defined in this Circuit. Some courts in other circuits have relied upon the express language of *Stern* and emphasize that the ruling should be limited to the unique circumstances of that case. These courts hold that *Stern* does not impact the bankruptcy court's ability to enter a final judgment on any other type of core proceeding. Other courts read *Stern* more expansively by looking to the reasoning of the *Stern* Court. These courts hold that the constitutional authority of bankruptcy courts is limited to matters concerning the administration of the bankruptcy estate, the injunctions imposed by the Bankruptcy Code, and the administration of claims made against the estate, even if those claims are matters usually handled by common law courts or courts of equity.

The Court determines that it is not necessary to apply *Stern* to this adversary proceeding, especially considering that there is no controlling interpretation from this Circuit on its exact implications. There are sufficient bases for recommending withdrawal of reference regardless of *Stern*.

Remaining to be determined is the question of the timing of transfer to the District Court. I am aware of at least nine other actions pending in the Bankruptcy and District Courts in Kansas raising similar KCSOA and KCPA claims.[28] All of these cases are either before the District Court in Kansas for final decision or recommended for transfer to the District Court.[29] In one of these cases, the District Court has certified questions to the Kansas Supreme Court for an interpretation of the statutory language found in the KCSOA, and a determination of the constitutionality of the KCSOA and KCPA.[30]

---

[28] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 45 at 5–6 (D. Kan. April 13, 2012) (listing cases). This may well not be a complete list because it was compiled more than nine months ago; there may now be other cases within the District of Kansas Bankruptcy Courts not included on the list in *Hays*.

[29] The cases are: *Hays v. Ruther*, Case No. 11-1163-JTM (D. Kan.) (Marten, J.), *Parks v. Consumer Law Assocs., L.L.C. (In re Lewis)*, Case No. 12-1113-JTM (D. Kan.) (Marten, J.); *Parks v. Persels & Assocs., LLC (In re Kinderknecht)*, Case No. 12-1140-KHV (D. Kan.) (Vratil, J.); *Morris . Persels & Assocs., LLC (In re Reints)*, Case No. 12-1262-JTM (Marten, J.); *Morris v. Persels & Assocs., LLC (In re Pedigo)*, Case No. 12-1268-SAC (D. Kan.) (Crow, J.); *Morris v. Persels & Assoc., LLC (In re Good)*, Case No. 12-1269-JWL (D. Kan.) (Lungstrum, J.); *Morris v. Persels & Assocs., LLC (In re Kauffman)*, Case No. 12-1270-KHV (Vratil, J.); *Parks v. Persels & Assocs., LLC (In re Ballway)*, Case No. 12-1282-MLB (Belot, J.); *Parks v. Consumer Law Assocs., LLC (In re Stahl)*, Case No. 12-0114-EFM (Melgren, J.).

[30] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 49 (D. Kan. June 26, 2012) (certifying two questions to the Kansas Supreme Court). The questions certified are:

I.   If an attorney licensed to practice law in Kansas and acting within the course and scope of the attorney's practice is exempt from the provisions of the Kansas Credit Services Organization Act, is the attorney's law firm also exempt? Specifically, does the definition of "person" in K.S.A. § 50-1117 (2005) apply to the attorney exemption at K.S.A. § 50-1116(b) (2005)?

II.  Does applying the Kansas Consumer Protection Act or the Kansas Credit Services Organization Act to attorneys, law firms, and their administrative agents in the context of attorney-client relationships

It is simply more efficient for these cases, all stating similar claims, to be decided and ultimately tried in one forum with the authority to enter final judgment on all matters. The claims in this case are not bankruptcy dominated, and this Court believes the more appropriate forum is the District Court. The Court wishes to preserve both the Trustee's and the Defendant's resources, and believes immediately transferring this case to the District Court so that these similar cases can proceed on the same path is the best solution. As a result, the balance of factors weighs in favor of immediate withdrawal of the reference and transfer to the District Court.

## Conclusion

Cause exists to withdraw reference because of the right to jury trial on the majority of the claims asserted by the Trustee, limiting this Court's authority to enter final judgment. In addition, the Trustee's claims do not require bankruptcy expertise and are similar to many other cases transferred or recommended for transfer to the District Court and for certification of questions to the Kansas Supreme Court. In this Court's view, one final arbiter on the claims in this case is the most efficient use of judicial resources, and transfer to the District Court may result in a more timely resolution of this proceeding. The Court, therefore, recommends immediate withdrawal of the reference and transfer to the District Court.

A copy of the Complaint is attached for the convenience of the District Court. In light of the posture of this and the related cases, this Court has elected not to schedule

---

violate the separation of powers mandated by Article 3, Section 1, of the
Kansas Constitution?

-10-

any pre-trial conference or set any other pre-trial deadlines until a decision is entered

regarding this report and recommendation.

    **It is so ordered.**

### #

-11-

Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 421, Wellington, KS 67152
(620) 326-5997, Fax (620) 326-6887
peck@martinjpeck.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS
Sitting at Topeka

| | |
|---|---|
| In re **Nancy Eloise Chance**<br>        *Debtor* | Case No. 11-40517<br>Chapter 7 |
| **Robert L. Baer**, Trustee<br>        *Plaintiff*<br>v.<br>**Persels & Associates, LLC**,<br>a Maryland Limited Liability Company<br>        *Defendant* | Adv. No. 12-_____ |

## Complaint

Comes now the plaintiff, Robert L. Baer, by and through his attorney, Martin J. Peck, and for his cause of action states as follows:

1.    This adversary action relates to *In re Nancy Eloise Chance,* case number 11-40517-7, pending in the United States Bankruptcy Court for the District of Kansas.

2.    The bankruptcy case was filed on April 13, 2011.

## The Parties

3.    The plaintiff, Robert L. Baer, is duly qualified and acting trustee in this case.

U.S. Bankruptcy Court, District of Kansas
*Robert L. Baer v. Persels & Associates, LLC (In re Chance)*
Case number 12-_____ (11-40517-7).
ADVERSARY COMPLAINT

4.      The debtor, Nancy Eloise Chance ("Ms. Chance") is a natural person who resides at 2528 Scottsdale St., Lawrence, Douglas County, Kansas 66047.

5.      Persels & Associates, LLC, ("Persels") is a Maryland limited liability company which may be served with process through its resident agent Neil J. Ruther, at 29 W. Susquehanna Ave., Suite 400, Towson, MD 21204.

## Jurisdiction and Venue

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

7.      This Court has venue pursuant to 28 U.S.C. § 1409.

## Factual Allegations Common to All Counts

8.      On or about December 23, 2008, Ms. Chance engaged Persels to perform debt management services, as defined by K.S.A. 50-1117(d), for her, contracting to make payments of $232.95 per month.

9.      Ms. Chance made nine monthly payments totaling $2,096.55.

10.      The time from the date Ms. Chance contracted with the defendant  to the date of the last payment was no less than 270 days.

## Count One:  Kansas Credit Services Organization Act — Ongoing Violation

11.      Paragraphs 1 through 10 are hereby incorporated by reference as though fully set out.

12.      Ms. Chance is a "consumer" as defined by K.S.A. 50-1117(b).

- 2 -

U.S. Bankruptcy Court, District of Kansas
*Robert L. Baer v. Persels & Associates, LLC (In re Chance)*
Case number 12-_____ (11-40517-7).
ADVERSARY COMPLAINT

13.    Ms. Chance is also a "consumer" as defined by K.S.A. 50-624(b).

14.    The defendant is a "supplier" as defined by K.S.A. 50-624(j).

15.    The dealings between Ms. Chance and the defendant constitute "consumer transactions" as that term is defined by K.S.A. 50-624(c).

16.    The defendant is not entitled to claim the protection of  K.S.A. 50-1116(b).

17.    Defendant is a "credit services organization" as that is defined by K.S.A. 50-1117(c), because it is "a person who engages in . . . the business of debt management services for a fee, compensation or gain."

18.    The defendant is not and has not been registered with the Office of the Kansas State Banking Commissioner as a credit services organization.

19.    Defendant is in violation of the Kansas Credit Services Organization Act, because it is engaged in providing and holding itself out as willing to provide credit services without being registered, in violation of K.S.A. 50-1118(a).

20.    Defendant is in violation of K.S.A. 50-626(a) by virtue of K.S.A. 50-1132 which provides that "Any violation of this act or any rule and regulation promulgated thereunder is a deceptive act or practice under the Kansas consumer protection act. Any remedy provided by this act shall be construed to be in addition to other remedy provided by the Kansas consumer protection act."

- 3 -

U.S. Bankruptcy Court, District of Kansas
*Robert L. Baer v. Persels & Associates, LLC (In re Chance)*
Case number 12-_____ (11-40517-7).
ADVERSARY COMPLAINT

21.    The defendant's actions were ongoing, and therefore subject to a daily maximum penalty pursuant to K.S.A. 50-636(d).  In the event that assertion is not correct, the defendant is subject to a penalty for each act engaged in that violated the KCPA and the KCSOA, including every assertion made, every agreement made, every act taken in by the defendant in connection with Ms. Chance, and every fee paid by Ms. Chance.

### Count Two:  Kansas Credit Service Organizations Act — Advertising

22.    Paragraphs 1 through 21 are hereby incorporated by reference as though fully set out.

23.    The defendant's advertising to Kansas residents, including Ms. Chance, without being properly registered with the Kansas Banking Commissioner is in violation of K.S.A. 50-1121(f).

24.    The defendant's oral marketing through is also in violation K.S.A. 50-1121(f).

25.    Defendant is in violation of K.S.A. 50-626(a) by virtue of K.S.A. 50-1132.

### Count Three:  Declaratory Judgment and Injunction

26.    Paragraphs 1 through 25 are hereby incorporated by reference as though fully set out.

27.    The plaintiff seeks a declaration that the defendant's acts violated the Kansas Credit Services Organization Act and the Kansas

- 4 -

U.S. Bankruptcy Court, District of Kansas
*Robert L. Baer v. Persels & Associates, LLC (In re Chance)*
Case number 12-_____ (11-40517-7).
ADVERSARY COMPLAINT

Consumer Protection Act pursuant to K.S.A. 50-634(a)(1), and an injunction against future violations pursuant to K.S.A. 50-634(a)(2).

28.     Because the defendant's written agreements with the plaintiff are in violation of Kansas criminal law by virtue of both K.S.A. 50-1131 and K.S.A. 21-4402, the contracts are void and unenforceable, and the plaintiff seeks a declaration thereof.

## Demand for Judgment

Therefore, plaintiff demands judgment against the defendant as follows:

29.     *Reasonable* penalties pursuant to K.S.A. 50-634(b), and K.S.A. 50-636(a) and (d) in an amount *not to exceed* $2,700,000.00.

30.     Damages in an amount to be determined by the Court, but in no case less than $2,096.55 pursuant to K.S.A. 50-1133(a);

31.     Punitive damages pursuant to K.S.A. 50-1133(b) and the common law;

32.     Declaratory judgment that the defendant's acts violated the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act pursuant to K.S.A. 50-634(a)(1), and an injunction against future violations pursuant to K.S.A. 50-634(a)(2);

33.     Declaratory judgment that the defendant's written agreements with the plaintiff are in violation of Kansas criminal law by virtue of both K.S.A. 50-1131 and K.S.A. 21-4402, and that the contracts are therefore void and unenforceable in their entirety;

- 5 -

U.S. Bankruptcy Court, District of Kansas
*Robert L. Baer v. Persels & Associates, LLC (In re Chance)*
Case number 12-_____ (11-40517-7).
ADVERSARY COMPLAINT

    34.    Reasonable attorney fees pursuant to K.S.A. 50-1133(a) and

K.S.A. 50-634(e); and

    35.    The costs of this action, together with such other relief as the

Court may determine the plaintiff to be entitled at law or in equity.

## Conclusion

    Wherefore, the plaintiff requests that the Court grant the relief set

out in this Complaint.

                      Respectfully submitted,

                      /s/ Martin J. Peck
                      Martin J. Peck, #16273
                      Security State Bank Building
                      107 E. Harvey, Second Floor
                      P.O. Box 421
                      Wellington, KS 67152
                      (620) 326-5997
                      Fax (620) 326-6887
                      peck@martinjpeck.com