IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Robert L. Baer, Trustee,

    Plaintiff,

vs.                                      Case No. 13-4011-JTM

Persels & Associates, LLC, a Maryland
      limited liability company,

    Defendant.

MEMORANDUM AND ORDER

      This is an action by the Bankruptcy Trustee on behalf of the estate of debtor Nancy Chance, alleging that defendant Persels & Associates, LLC, violated the Kansas Credit Services Organization Act (KCSOA) and the Kansas Consumer Protection Act (KCPA) when it contracted with Chance for the provision of credit counseling services. The matter is before the court on the Trustee's Motion for Partial Summary Judgment. (Dkt. 31).

      In his motion, the Trustee seeks determinations that (1) Persels is subject to the KCSOA and KCPA, (2) the "attorney exemption" to the KCSOA (K.S.A. 50-1116(b)) does not protect Persels, (3) Persels violated the KCSOA's prohibition of unregistered credit-counseling services (K.S.A. § 50-1118(a)), and (4) as a result, Persels is liable for damages of at least the sum paid by Chance to Persels ($2,662.45), plus reasonable attorney fees and

court costs (K.S.A. 50-1133(a)).

Persels has filed no response to the motion for summary judgment. The court notes that Persels' former counsel has withdrawn from the case with the leave of the court. However, the motion to withdraw states that former counsel specifically advised the majority owner of Persels, Neil J. Ruther, that "he must follow all the rules and orders of the Court." (Dkt. 23). The Order granting leave specifically states that Ruther informed the court that he had "received a copy of the motion to withdraw and consented to his counsel's withdrawal of appearance." (Dkt. 30). The motion for summary judgment affirmatively represents that a copy of the motion was sent to the email address set forth in the Order granting leave to withdraw.

The court hereby grants the Trustee's motion pursuant to D.KAN.R. 7.4 and for good cause shown. Because the Pretrial Order (Dkt. 29) affirmatively states that Persels' Kansas agent, David Herron, was employed as an independent contractor, the "attorney exemption" is inapplicable, and the defendant is subject to the KCSOA. *Hays v. Ruther*, 298 Kan. 402, 313 P.3d 782, 787-89 (Kan. 2013); *Parks v. Persels*, 509 B.R. 345, 352 (D. Kan. 2014). Further, the uncontroverted facts presented by the Trustee, which are incorporated herein, establish that Persels violated the provisions of the KCSOA by providing credit services without prior registration with the State of Kansas.

IT IS ACCORDINGLY ORDERED this 5th day of March, 2015, that the plaintiff's Motion for Partial Summary Judgment (Dkt. 31) is hereby granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE